# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARQUEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>I. QUINTERO, et al.,<br><br>   Defendants. | Case No. 1:13-cv-01401 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST<br>(Document 18)<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Anthony Marquez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 28, 2013. He filed a First Amended Complaint as of right on November 12, 2013. The action is proceeding against Defendants I. Quintero and D. Horban for violation of the Eighth Amendment.

Defendants filed their answer on May 30, 2014, and the Court issued a Discovery and Scheduling Order on June 3, 2014.[1]

On June 13, 2014, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies.[2]

On June 30, 2014, Plaintiff filed documents which this Court construed as an opposition to the motion and/or exhibits pertaining to exhaustion.

Defendants did not file a reply and the motion is deemed submitted pursuant to Local Rule 230(l).

---

[1] On September 10, 2014, the Court extended the discovery deadline to sixty days after a decision on the pending motion for summary judgment, should the action survive the exhaustion challenge.

[2] Concurrent with their motion, Defendants provided Plaintiff with the requirements for opposing a summary judgment motion. Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998).

1

A.  **PRIOR ACTION**

Plaintiff filed a prior action in this Court raising the same allegations as those in this action on October 20, 2010. Marquez v. Quintero, et al., 1:10-cv-01965-AW-BAM. On December 12, 2012, the Court dismissed the action, without prejudice, for Plaintiff's failure to exhaust administrative remedies.

B.  **PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Mule Creek State Prison in Ione, California. The events at issue occurred while Plaintiff was incarcerated at North Kern State Prison in Delano, California.

Plaintiff alleges that on September 11, 2009, he was moved and assigned to a top bunk. Plaintiff told Defendants Quintero and Horban that he had a medical chrono for a lower bunk due to a seizure disorder. Plaintiff alleges that Defendants "had the power and duty to ensure Plaintiff's medical chrono was honored," but "failed and refused" to do so. ECF No. 8, at 10. Defendants ordered Plaintiff to lock up in the cell and take the bed he was assigned, and threatened that if he did not, he would face disciplinary action and/or threats to his safety.

On September 11, 2009, at about 2:00 a.m., Plaintiff had a seizure and fell off the top bunk onto the floor, landing on his face, head and chest. Plaintiff was hospitalized, in a coma, as a result of his injuries.

C.  **LEGAL STANDARD**

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and [following such denial] the district judge rather than a jury should determine the facts." Id. The Albino court specified that the court should act as the finder of fact in connection with an exhaustion challenge "in a preliminary proceeding" and, "if feasible, before reaching the merits of a prisoner's claim." Id. at 1168, 1170.

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial, and Plaintiff's filings must be liberally construed because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

**D.    APPEALS PROCESS**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Prior to January 28, 2011, and during the time at issue in this action, an inmate was required to submit a grievance within fifteen working days of the event or decision being grieved.  Cal. Code Regs. tit. 15, § 3084.6(c)(2009); Ortega Decl. ¶ 3.  A grievance could be rejected if the time limits for submitting the grievance were exceeded and the inmate had the opportunity to file the grievance within the prescribed time.  Cal. Code Regs. tit. 15, § 3084.3(c)(6) (2009); Ortega Decl. ¶3.  If an inmate does not provide an acceptable reason for the late filing, the grievance will not be accepted for processing and the original denial will stand.  Cal. Code Regs. tit. 15, § 3084.3(c)(6) (2009); Ortega Decl. ¶3.

1  **E.     ANALYSIS**[3]

2  Defendants argue that Plaintiff filed an untimely grievance, and that he failed to provide an acceptable reason for the late filing.

4  The following series of events is undisputed.  Plaintiff fell from his bunk on September 12, 2009.  ECF No. 8, at 10.  Under the regulations in place at the time, Plaintiff had fifteen working days to file a grievance.  Ortega Decl. ¶ 3.  Plaintiff did not file a grievance related to the September 12, 2009, fall until April 14, 2010.  Ortega Decl. ¶ 6, Ex. 1.  On April 21, 2010, the grievance was screened out and/or rejected as untimely.  The grievance was returned to Plaintiff with instructions to submit an explanation and supporting documentation explaining why he did not, or could not, file a timely appeal.  Ortega Dec. ¶ 6, Ex. 2.  On May 20, 2010, Plaintiff submitted an explanation for his late filing, stating: "I was in a coma from a serious seizure.  That is why there was too great of a time lapse from the fall.  I hit my head really hard ended up in Mercy Hospital."  ECF No. 19, at 4.  On August 31, 2010, Plaintiff's documents were returned to him.  The reviewer explained that although his claim that he was in a coma would be a good reason to extend the time limits, he failed to submit the appeal in a timely manner *after he was no longer incapacitated*.  The original screen out and/or rejection was upheld.  Ortega Decl. ¶ 6, Ex. 3 (emphasis added).  Plaintiff did not submit any other appeals related to the September 12, 2009, fall.  Ortega Decl. ¶ 7.  Accordingly, Plaintiff's appeal was not exhausted through the Third Level of Review.  Zamora Decl. ¶ 6.

19  It is therefore undisputed that Plaintiff did not exhaust his appeal related to the fall.  Defendants have met their burden as the moving party by demonstrating the absence of any evidence that complete exhaustion occurred prior to the initiation of this action.  Albino, 747 F.3d at 1172.

22  The burden now shifts to Plaintiff to produce evidence demonstrating either exhaustion or the existence of circumstances excusing exhaustion.  Id.; Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

25  In Plaintiff's First Amended Complaint and his filing in response to Defendants' motion, Plaintiff argues that he was unable to file a timely appeal because he was in a coma.  Neither party submits medical records relating to Plaintiff's hospitalization after the fall, and the length of

---

[3] Defendants' motion to dismiss filed in the prior action did not include any discussion of Plaintiff's medical status after the fall.  Plaintiff did not oppose the motion and therefore the Court was not presented with any argument that exhaustion was unavailable.  In any event, does not involve any events occurring after the December 2012, dismissal.

4

Plaintiff's coma, if any, is unclear. In the factual allegations contained in his First Amended Complaint, Plaintiff states that he was hospitalized after the fall and was "in a coma while hospitalized." ECF No. 8, at 10. In the section related to exhaustion, Plaintiff states that he "went into a coma from a seizure from the wrong medications." ECF No. 8, at 2. In a Citizen's Complaint pursuant to California Government Code section 832.5 dated October 19, 2010, and attached to his First Amended Complaint, Plaintiff says he was "in a coma while hospitalized." On the bottom of the form, however, he says he was "in a coma for 907 days." ECF No. 8, at 6.

Plaintiff also submits various medical records showing that he had at least one seizure and was taking medication for seizures. However, while it appears undisputed that Plaintiff suffered some form of a head injury from the fall and may have been incapacitated for a period of time, he submits no evidence to support his contention that he was in a coma, and therefore unable to file a timely appeal, from September 12, 2009, through April 14, 2010, or for any significant amount of time in between.

Defendants argue that at least as of November 2009, Plaintiff was conscious and participating in prison life. Plaintiff does not dispute that on November 24, 2009, January 13, 2010, and February 3, 2010, he was able to appear at his Institutional Classification Committee hearings. At the hearings, Plaintiff stated that he was in good health and ready to proceed. He was also able to effectively communicate his thoughts and respond appropriately to questions. Bugarin Decl. ¶ 2, Ex. 1. At the January 13, 2010, hearing, Plaintiff discussed the circumstances of the July 2009 "battery on a peace officer" charge that led to his SHU term and was able to advocate for a lesser sentence. Gonzalez Decl. ¶ 2, Ex. 1; Barnett Decl. ¶ 2. Plaintiff argued that he had been coming out of a coma when an officer touched him, and that his actions were a reaction, not a battery. Gonzalez Decl. ¶ 2, Ex. 1.

Plaintiff also does not dispute Defendants' evidence showing that from November 24, 2009, through February 3, 2010, Plaintiff was receiving his meals and taking showers. Kimbrell Decl. ¶ 4, Ex. 1. Defendants also submit the declaration of J. Wang, M.D., who examined and spoke with Plaintiff on February 21, 2010. Wang Decl. ¶ 2. Dr. Wang also reviewed Plaintiff's medical records from November 24, 2009, through February 3, 2010, and states that during this time period, Plaintiff was found to be alert and oriented during all encounters with medical staff. Wang Decl. ¶ 3.

The only information before the Court as to the length of any coma is Plaintiff' contention, written on the bottom of the October 19, 2010, Citizen's Complaint, that he was in a coma for 907 days. Given the undisputed evidence during the relevant time period, a coma of almost two and one-half years is inconceivable.

The undisputed evidence therefore shows that at least for the time frame between November 24, 2009, and February 21, 2010, Plaintiff was not in a coma and did not have a medical problem that would have prevented him from filing an appeal. Neither party presents evidence as to Plaintiff's condition from September 12, 2009, to November 24, 2009, or from February 21, 2010, to April 14, 2010, the date he filed his appeal. Nonetheless, from Defendants' undisputed evidence, Plaintiff could have filed a grievance between November 2009 and February 2010, at least, but failed to so do. His failure to do so means that his April 14, 2010, grievance was not timely filed once he was no longer incapacitated.

Accordingly, the Court finds that Plaintiff has failed to carry his burden showing that exhaustion was excused, and that the undisputed facts show that his claims are unexhausted.

**F.      CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment, filed on June 13, 2014, be GRANTED; and

2. This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within

///
///
///

6

1  **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

5  IT IS SO ORDERED.

6  Dated:   **November 11, 2014**                    /s/ Dennis L. Beck
7                                                           UNITED STATES MAGISTRATE JUDGE